NOT DESIGNATED FOR PUBLICATION

No. 122,085

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY D. DEFFENBAUGH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed July 2, 2020. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before WARNER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Zachary Deffenbaugh pleaded guilty to burglary of a non-dwelling. Because he committed that offense while on probation for another felony, the district court imposed a prison sentence for the burglary offense rather than probation. Deffenbaugh appeals that decision. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47) and now dismiss the appeal for lack of jurisdiction.

In June 2019, Deffenbaugh pleaded guilty to burglary of a non-dwelling under K.S.A. 21-5807(a)(2), (c)(1). In the plea agreement, the State agreed to recommend Deffenbaugh be placed on probation for the offense; both Deffenbaugh and the State made that recommendation at sentencing.

1

But though Deffenbaugh would otherwise qualify for presumptive probation under the Kansas sentencing guidelines, he committed the burglary while on probation for another felony. A special sentencing rule therefore gave the district court discretion to impose a prison sentence instead of probation. The court did so, sentencing Deffenbaugh to 18 months' imprisonment followed by 12 months' postrelease supervision. Deffenbaugh claims the district court abused its discretion by following this rule instead of the parties' recommendation of probation.

At sentencing, a court may impose or depart from the presumptive sentence under the sentencing guidelines. See K.S.A. 2019 Supp. 21-6815. When a court follows the rule the district court used here—imposing imprisonment instead of a presumptive term of probation when a defendant commits a new felony while on probation for a previous felony—this action does not constitute a departure. K.S.A. 2019 Supp. 21-6604(f)(1); K.S.A. 2019 Supp. 22-3716(c)(5) (same).

Thus, the prison sentence imposed by district court in this case was still a presumptive sentence under Kansas law. An appellate court has no jurisdiction to review a presumptive sentence in a felony case. K.S.A. 2019 Supp. 21-6820(c)(1); *State v. Johnson*, 286 Kan. 824, Syl. ¶ 6, 190 P.3d 207 (2008). Accordingly, we must dismiss Deffenbaugh's appeal.

Appeal dismissed.